IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UMANG RESIDENCY LLC, D/B/A BAYMONT INN AND SUITES; | § | |
| | § | |
| *Plaintiff*, | § | 5-18-CV-01107-FB-RBF |
| | § | |
| vs. | § | |
| | § | |
| TRI-STATE INSURANCE COMPANY OF MINNESOTA, | § | |
| | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Tri-State Insurance Company of Minnesota's Motion for Summary Judgment. *See* Dkt. No. 14. All pretrial matters in this removed diversity case have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 15. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

In the underlying litigation, Plaintiff Umang Residency LLC, d/b/a Baymont Inn and Suites claims Tri-State failed to properly investigate claims and pay insurance proceeds for damage to a hotel in New Braunfels, Texas, that is owned and operated by Umang and insured under a Tri-State policy. Tri-State contends in its Motion for Summary Judgment that the damage isn't covered under the policy because it wasn't caused by Hurricane Harvey but instead was the result of wear and tear. After considering Tri-State's Motion, Dkt. No. 14, Umang's Response, Dkt. No. 26, Tri-State's Reply, Dkt. No. 29, the summary judgment evidence, and the

pleadings in this case, and for the reasons set forth below, it is recommended that Tri-State's Motion be **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**Factual and Procedural Background**

Tri-State issued a commercial insurance policy for Umang's property, the Baymont Inn & Suites, in New Braunfels, Texas, with an applicable policy period of June 13, 2017, to June 13, 2018. Dkt. No. 26 at 1 (Pl.'s Resp.); Dkt. No. 14-1 at 63 (Ex. A to Def.'s Mtn.). Umang made a claim on the policy on August 26, 2017, alleging extensive damage to the property caused by Hurricane Harvey. Dkt. No. 26 at 1-2; Dkt. No. 26-1 at 1 (Ex. A. to Pl.'s Resp.). Tri-State investigated the claim and retained engineer Jerry B. Hall of Donan Engineering Co. to inspect the property and prepare a report. Dkt. No. 26 at 2; *See generally* Dkt. No. 26-5 (Ex. E to Pl.'s Resp.). Tri-State later denied coverage, concluding that the damage was the result of "wear and tear due to age and lack of maintenance" rather than the storm. Dkt. No. 14-2 at 2 (Ex. B to Def.'s Mtn.).

Umang sued in state court, and Tri-State soon after removed the case to federal court. *See* Dkt. No. 1. Umang asserts claims for negligent claim adjustment, breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. *See id*.

Tri-State moves for summary judgment on all causes of action.

**Legal Standards**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56(c). A

dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to show genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The nonmovant must respond to the motion by setting forth particular facts indicating that there is a genuine issue of disputed fact. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The Court views the summary judgment evidence in the light most favorable to the nonmovant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. If, however, the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**Analysis**

*A. Breach of the Insurance Policy*

*1. Policy Coverage.* Tri-State contends that Umang can't show a breach of the policy because Umang has no evidence to show the storm caused the claimed damages. According to Tri-State "the summary judgment evidence *conclusively* establishes that Plaintiff's

loss resulted from causes that are excluded from coverage." Dkt. No. 14 at 7 (emphasis added). There is, however, a genuine issue of material fact on this issue and so summary judgment must be denied.

To recover under an insurance policy, an insured has the burden to plead and prove that claimed damages are covered. *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 400 (Tex. 2016). To avoid liability, the insurer then has the burden to both plead and prove that the loss falls within an exclusion to the policy's coverage. *Id.* "The insurer has neither a 'right' nor a burden to assert noncoverage of a risk or loss until the insured shows that the risk or loss is covered by the terms of the policy." *Id*. (quotation omitted). Umang attaches to its Response a report from its designated expert, Peter de la Mora, who opines that winds from Hurricane Harvey severely damaged the roof, causing roof leaks that in turn damaged the building's interior. *See* Dkt. No. 26 at 8; Dkt. No. 26-2 at 21-23 (de la Mora Rpt, Ex. B to Pl.'s Resp.). Testimony from de la Mora along these lines would conflict with the testimony of Tri-State's experts, creating a genuine issue of material fact concerning whether the claimed loss was caused by the storm and therefore covered under the Policy's terms. In its reply brief, Tri-State urges the Court to strike de la Mora's expert opinion on grounds that de la Mora relied on irrelevant weather radar images in formulating his opinion. *See* Dkt. No. 29 at 3-4. But "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Further, the Court denied Tri-State's motion to strike de la Mora. *See* Dkt. No. 32. Accordingly, summary judgment for Tri-State on the contract claim isn't warranted in response to this line of argument.

*2.* *Contract Damages*. Tri-State takes issue with Umang's ability to prove up its damages for breach of the insurance policy according to either of two damages measures allegedly provided for under the policy. Tri-State's argument is assisted by the notion that "[t]he

insured has the burden of proving the extent of his loss." *Ayoub v. Chubb Lloyds Ins. Co. of Texas*, 641 F. App'x 303, 307 (5th Cir. 2016). And were there absolutely no evidence of contractual harm or damages, Tri-State might well argue persuasively that Umang's breach-of-contract claim necessarily fails. *See, e.g.*, *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (noting that in Texas the essential elements of contract claim include "damages sustained by the plaintiff as a result of the breach"). But Tri-State's isn't arguing no contractual loss or no evidence of loss, it instead urges that Umang can't *prove up* its damages according to either of the two allegedly contractually mandated damages measures—actual cash value of the loss at the time of the loss or the replacement cost. This argument doesn't warrant a grant of summary judgment.

First, if Tri-State materially breached the insurance policy by not providing coverage for the loss, then it's hard to understand why it still gets to benefit from policy provisions covering how to measure a loss. Once a contract has been materially breached, a party typically can no longer demand performance under it. *See Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994). Moreover, there's no dispute that Umang suffered damages; the question instead is whether those damages are covered by the Policy. And as discussed above, a genuine issue of material fact exists on this issue. If it's determined that Umang's damages were covered, then there can't be any real dispute in these circumstances concerning the existence of *some* monetary harm caused by Tri-State. Accordingly, whether and to what extent Umang can prove up that harm at trial is a question left for a later date; it is not a basis on which to grant summary judgment for Tri-State.[1]

[1] *Cf. Braselton-Watson Builders, Inc. v. Burgess*, 567 S.W.2d 24, 28 (Tex. Civ. App.—Corpus Christi 1978), writ ref'd n.r.e.) ("[T]he right to recover compensatory damages for the breach of a contract will be defeated if 1) *no damage* was suffered by the complaining party despite the

Much of the dispute here about proving up Umang's alleged damages centers around how depreciation figures into the calculus and how Umang's lack of expert evidence on depreciation affects things. Umang apparently has evidence of damages, just perhaps not evidence of damages that takes into account depreciation sufficiently for Tri-State. But Tri-State hasn't pointed to any case—nor has the Court found one—holding that without an expert opinion discussing depreciation, an insured's breach-of-contract claim warrants dismissal on summary judgment. And at least one Texas court has concluded that similar policy language referencing an "actual cash value" reflects a limitation on an insurer's liability for which an insurer bears the burden of proof—not a measure of damages. *See Allen v. State Farm Lloyds*, No. 05-16-00108-CV, 2017 WL 3275912, at *12 (Tex. App.—Dallas Aug. 1, 2017, pet. denied).

For all these reasons, Tri-State falls short in proving its entitlement to summary judgment on Umang's breach-of-contract claim.[2]

*B. Extra-Contractual Claims*

1. *Bad-Faith Claims*. Umang's causes of action for breach of good faith and fair dealing and violations of the DTPA and Texas Insurance Code, which are premised on Tri-State's alleged unfair settlement practices, must be dismissed because there is no evidence that Tri-State acted in bad faith.

---

breach; or 2) if the damages which he sustained did not result from the breach") (citations omitted) (emphasis added).

[2] For the first time in its Reply Tri-State argues that summary judgment is appropriate pursuant to the doctrine of concurrent causation. *See* Dkt. No. 29 at 7. But Tri-State didn't raise this argument in its motion and so it is forfeited or, as others prefer to say, waived. *See Jones*, 600 F.3d at 541. Nor should this argument be raised for this first time in objections to the District Court arising from this Report and Recommendation. *See* Dkt. No. 15 ("[O]bjections and appeals shall be limited to issues first raised before the Magistrate Judge; failure to bring any defect in any order or recommendation to the attention of the Magistrate Judge prior to raising the issue before this Court shall be deemed a waiver of issue.").

Under Texas law, insurers have a duty to deal fairly and in good faith with their insureds when processing claims. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). But "[i]n order to sustain such a claim, the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim." *Id.* In other words, "[t]he insured must prove that there were *no facts* before the insurer which, if believed, would justify denial of the claim." *Id.* (emphasis added). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Id.* Further, "[w]hen claims under the Texas Insurance Code and the DTPA are joined with a claim for breach of the duty of good faith and fair dealing, and the statutory claims are based on the same theory which underlies the bad faith claim—namely, denial of policy benefits without a reasonable basis—then those DTPA and Insurance Code claims must fail if the bad faith claim fails." *Harrison v. Int'l Catastrophe Ins. Managers, LLC*, No. 1:10-CV-683, 2012 WL 1231071, at *8 (E.D. Tex. Mar. 22, 2012), *report and recommendation adopted*, 2012 WL 1232020 (E.D. Tex. Apr. 12, 2012) (quotations omitted); *see also Higginbotham*, 103 F.3d at 460.

Umang urges, without any support, that Tri-State performed a biased and outcome-oriented investigation of its claims. The only evidence proffered by Umang to purportedly support this contention is the report of its expert de la Mora, which contradicts the opinions of Tri-State's experts. But although De la Mora and Tri-State's experts disagree about the case, that disagreement doesn't inform the bad-faith issue; it instead reflects a bona fide coverage dispute. De la Mora doesn't opine (assuming he properly could) that the engineering report on which Tri-

State relied when denying coverage was so facially deficient that Tri-State knew or should have known there was no reasonable basis to deny the claim. Nor is there any evidence in the summary judgment record suggesting a triable issue on whether Tri-State or its engineer harbored bias when handling the claim. Accordingly, this "bona fide coverage dispute" cannot give rise to a claim premised on bad faith. *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 526 (5th Cir. 2015); *see also Higginbotham*, 103 F.3d at 460.

2.  *Chapter 542 Timing and Notice Claims*. In addition to claiming that Tri-State failed to promptly pay once liability became reasonably clear, Umang raises claims under §§542.055 and 542.056 of the Texas Insurance Code, which concern the timing of Tri-State's investigation and notice of its rejection of Umang's claim. Such claims don't appear to be premised on Tri-State's alleged bad faith. Nor does Tri-State explicitly take such a position. Rather, Tri-State merely argues that in the absence of a viable breach-of-contract claim, all of Umang's extracontractual claims must fail. Having determined that summary judgment isn't warranted on Umang's breach-of-contract claim, Umang's claims under §§542.055 and 542.056 of the Texas Insurance Code should survive Tri-State's summary judgment arguments.

3.  *Negligent Handling of Claims.* As with Umang's bad-faith claims, its negligence claim must also fail. In Texas there is no independent cause of action against an insurer for negligent handling of claims. *See Northwinds Abatement, Inc. v. Employers Ins. of Wausau*, 258 F.3d 345, 352 (5th Cir. 2001) (noting Texas law does not recognize a cause of action for negligent claims handling and citing *Higginbotham*, 103 F.3d at 460); *see also Zimmerman v. Travelers Lloyds of Tex. Ins. Co.*, No. 5:15-CV-325, 2015 WL 3971415, at *5 (W.D. Tex. Jun. 30, 2015). Furthermore, Umang's briefing fails to meaningfully respond to Tri-

State's arguments on this issue. Therefore, summary judgment in favor of Tri-State on Umang's negligence claim should be granted.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Defendant Tri-State Insurance Company of Minnesota's Motion for Summary Judgment, Dkt. No. 14, be **GRANTED IN PART AND DENIED IN PART**. Tri-State should be awarded judgment as a matter of law on all extracontractual claims premised on Tri-State's alleged bad faith, as well as on Umang's negligence claim. Summary judgment on Umang's breach-of-contract and Chapter 542 timing-and-notice claims, however, should be denied.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to

file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 30th day of June, 2020.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE